MILLIGAN, appellant, *v.* JEFFERSON COUNTY, respondent.

STATUTORY CONSTRUCTION — *Revenue Act* — *taxation of calves.* The third section of the Revenue Act, approved January 12, 1872, does not exempt calves from taxation in the Territory, and the fourth section mentions " cows and calves " as property subject to taxation. The fifteenth section says that the tax list shall include " cows and calves." The sixteenth section contains a list of questions, which must be answered under oath by the tax payer, and specifies " heifers and steers between one and two years old," but does not mention calves. The last question requires the party to " enumerate " " any other property than that above mentioned." *Held,* that calves are not included by the question about the " heifers and

steers," and that the list of questions is a form. *Held,* also, that calves are taxable under the Revenue Act, and are embraced by the question as "other property."

*Appeal from Third Dsitrict, Jefferson County.*

THE judgment was rendered by WADE, J.

JOHNSTON & TOOLE, for appellant.

Are sucking calves subject to taxation in this Territory? This is the sole question in this case. All property must be assessed in bulk, or by a specific list thereof. Cooley on Taxation, 261, 271, 272, and notes. Our statute requires a list of all taxable property from tax payers, and prescribes the form of the list and the articles it shall contain. Cod. Sts. 604, § 13; 605, §§ 14, 16.

No other property is taxable except what is included in said tax list. *People* v. *Sneath,* 28 Cal. 615. Revenue laws are construed most strongly against the government. Cooley on Taxation, 201, 202. Sucking calves are not specified in the Revenue Act. The language is "cows and calves," taken together; calves, as defined by the act, are one year old at least. Cod. Sts. 605, §§ 15, 16; *Falkner* v. *Hunt,* 16 Cal. 171.

The list mentions the grades and kinds of stock which are taxable, and does not include sucking calves. The averment must be uniform. Cod. Sts. 608, § 20. Uniformity can only be secured by a strict compliance with this list.

The last question in the list must be considered in connection with the other sections of the Revenue Act, §§ 1, 4, 5, 10, 13, 14, 15, 20. It means, Have you any other different species or kind of property than that herein referred to and classified by its distinct species? It does not mean to refer to more property of the kinds already specified in the list.

J. G. SPRATT, District Attorney, First District, for respondent.

The Revenue Act makes calves taxable property. Property "of every kind" must be taxed. § 3. "Cows and calves" are specified in the fourth and fifteenth sections. There can be no doubt of the intention of the legislature to make calves taxable. The assessor has no discretionary power, and must assess them.

The last question relates to "any other property," and was intended to embrace calves or any property, subject to taxation and not embraced in the list.

KNOWLES, J.    The appellant sets forth in his complaint that the treasurer of Jefferson county made an assessment and returned as taxable property of appellant fifty head of sucking calves against his protest; that said calves were not the subject of taxation under the laws of this Territory; that in payment of such assessment the treasurer seized certain property of appellant and sold it.    The respondent demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the appellant assigns this ruling as error.

There is only one question presented in this case.    Are sucking calves the subject of taxation under the Revenue Act ?    The appellant claims that calves are not taxable under the statute until they are one year old.    The Revenue Act, approved January 12, 1872 (Cod. Sts., ch. 85), contains the following provisions:    " All property, of every kind and nature in this Territory on the first day of January of each year, or which shall arrive or be found in this Territory before the last day of December, ensuing, shall be subject to taxation except ——." § 3. Calves are not among the exceptions.    After the statement of the exceptions the act provides:    " All other property, real or personal, within the Territory is subject to taxation in the manner herein directed, and this is intended to embrace ——." In the following list of property is enumerated " cows and calves." § 4.    Another section specifies what the tax list shall contain and " cows and calves " are again set forth. § 15.    From these sections there can be no doubt that the legislature intended that calves should be taxed.

It is urged that the sixteenth section of the act qualifies the foregoing provisions and excludes calves from taxation until they are one year old.    It is said that calves under one year of age are not specified in the list.    There is no specification of calves. "Heifers and steers between one and two years old" are specified. Does the term "heifers and steers" include calves ?    A heifer is

a young cow. Webster's Dict. In defining the word "yearling," Webster uses as an illustration the term "yearling heifer." A heifer is a young cow which has not had a calf. 1 Bouv. L. D., tit. "Heifer." A steer is "especially a castrated taurine male from two to four years old." Webster's Dict. According to Webster, the legislature used a proper phrase in speaking of heifers between one and two years old, and an improper one in referring to steers of that age. . Our statute provides that "all words and phrases shall be understood and construed according to the approved and common usage of the language." Cod. Sts. 389, § 1. Taking this as a guide, I am sure that the term "heifer" or "steer" nowhere includes calf. The words describe animals of the bovine species which have advanced to an age beyond that of a calf. When one of these animals has reached the age of one year, in this Territory, it is usually called a yearling; and if a more definite description is desired, it is termed a yearling heifer or a yearling steer. This is probably the manner in which our legislative assembly intended to classify cattle of that age, and calves would not properly come under the head of "heifers and steers between one and two years old."

The list set forth in said sixteenth section is a mere form. It was not intended to exempt from taxation all property that was not specifically mentioned in this list. The oath, which the party giving in his property is required to take, shows that this is not the intention: "You do solemnly swear that you will well and truly answer all questions in the following list, and that it embraces all moneys, goods, live stock, credits and all other property of any description whatever, owned or held by you as principal, partner, agent, or representative, as the case may be." § 16. The pronoun "it" refers to the "list." It could not be construed to refer to "answer," because it could not have been contemplated that each answer would embrace "all moneys, goods, live stock, credits," etc., considering that "it" refers to "list" and we find that the party giving in his property must swear that this list embraces all his property. Why should a party be required to make such an affidavit, if it was understood that all his property would be given in if true answers were made to the questions in the list? The only reasonable solution is that a party who has other prop-

erty than that mentioned in the list should give it in.   This is the last question in the list : " Have you any other property than that above mentioned ?   If so, enumerate it."   Calves are other property than that any one would be required to return in answer to any other question in the list.  They are not exempt from taxation and should be given in by the party answering this question.   The term " calf," which is used in said fourth and fifteenth sections, is not limited by the sixteenth section.   A calf is the young of the bovine species.   It is property which is not exempt from taxation and ·is subject to taxation if it is found in the Territory between the first day of January and the last day of December.   The calves in controversy were so found and were properly listed by the treasurer.   The demurrer was therefore sustained.

<div align="right">

*Judgment affirmed.*